**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Angel Hernandez**, | No. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| **Arizona Discount Movers, LLC,** an Arizona Limited Liability Company, and **Amy Hannah and John Doe Hannah**, a married couple, | |
| Defendants. | |

Plaintiff, Angel Hernandez ("Plaintiff" or "Angel Hernandez"), sues the Defendants Arizona Discount Movers, LLC and Amy Hannah and John Doe Hannah ("Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid minimum wages, unpaid overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; unpaid minimum wage under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter

-1-

2, Article 8; and unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4. The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and

Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## **PARTIES**

7. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8. At all material times, Arizona Discount Movers, LLC was a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Arizona Discount Movers, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9. At all relevant times, Defendant Arizona Discount Movers, LLC owned and operated as "Arizona Discount Movers," a moving company located at 930 S. 67th Avenue, Phoenix, Arizona 85043.

10. Under the FLSA, Defendant Arizona Discount Movers, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Arizona Discount Movers, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendant Arizona Discount Movers, LLC in relation to the company's employees, Defendant Arizona Discount Movers, LLC is subject to liability under the FLSA.

11. Defendants Amy Hannah and John Doe Hannah are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Amy Hannah and John Doe Hannah are owners of Defendant Arizona Discount Movers, LLC and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

12. Under the FLSA, Defendants Amy Hannah and John Doe Hannah are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Amy Hannah and John Doe Hannah had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendant Arizona Discount Movers, LLC in relation to the company's employees, Defendants Amy Hannah and John Doe Hannah are subject to individual liability under the FLSA.

13. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

14. Defendants, and each of them, are sued in both their individual and corporate capacities.

15. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

16. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

17. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

18. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

19. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

20. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

21. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

22. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

23. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

24. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

25. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

26. Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

## **FACTUAL ALLEGATIONS**

27. Defendants own and/or operate as Arizona Discount Movers, LLC, an enterprise located in Maricopa County, Arizona.

28. Arizona Discount Movers, LLC is a moving company located in Phoenix, Arizona.

29. Plaintiff was hired by Defendants in approximately August 2020.

30. At all relevant times, Plaintiff worked for Defendants until approximately February 28, 2021.

31. At all relevant times, in his work for Defendants, Plaintiff worked as a driver for Defendants.

32. In his work for Defendants, Plaintiff performed non-exempt manual, unskilled labor all of which was related to the work of providing moving services to Defendants' customers.

33. Defendants, in their sole discretion, paid Plaintiff a rate of $16.00 per hour on a weekly basis.

34. Plaintiff worked approximately 36 hours in his final week of work for Defendants.

35. Defendants failed to compensate Plaintiff any wages whatsoever for his final week of work.

36. As a result of failing to compensate Plaintiff any wages whatsoever for his final week of work for Defendants, Defendants violated the FLSA, 29 U.S.C. § 206(a).

37. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for his final week of work, Defendants violated the AMWA, A.R.S. § 23-363.

38. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for his final week of work, Defendants violated the AWA, A.R.S., § 23-351.

39. Plaintiff, in his work for Defendants, often worked in excess of 40 hours in a given workweek.

40. Defendants did not compensate Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek.

41. Defendants classified Plaintiff as W-2 employee.

42. In his work for Defendants, Plaintiff was not a manager.

43. In his work for Defendants, Plaintiff did not have supervisory authority over any employees.

44. In his work for Defendants, Plaintiff did not possess the authority to hire or fire employees.

45. In his work for Defendants, Plaintiff did not possess authority to make critical job decisions with respect to any of Defendants' employees.

46. In his work for Defendants, Plaintiff did not direct the work of two or more employees.

47. In his work for Defendants, Plaintiff did not exercise discretion and independent judgment with respect to matters of significance.

48. Plaintiff's primary duty was not the management of the enterprise in which he was employed or any recognized department of the enterprise.

49. At all relevant times, Defendants controlled Plaintiff's schedules.

50. At all relevant times, Plaintiff was economically dependent on Defendants.

51. At all relevant times, Defendants did not pay Plaintiff one and one-half times his regular rates of pay for time spent working in excess of 40 hours in a given workweek.

52. During the time that Plaintiff worked for Defendants, Plaintiff regularly worked in excess of 40 hours in a given workweek without receiving any overtime premium whatsoever, in violation of the FLSA, 29 U.S.C. § 207(a).

53. During the time that Plaintiff worked for Defendants, Plaintiff regularly worked in excess of 40 hours in a given workweek without receiving one and one-half times his regular rate of pay, in violation of the FLSA, 29 U.S.C. § 207(a).

54. Defendants engaged in the practice of failing to properly track and compensate Plaintiff for all hours worked in a given workweek.

55. Specifically, Defendants did not compensate Plaintiff for all hours spent driving in the course of his employment with Defendants.

56. Many, if not all, of such unpaid hours would have resulted in Plaintiff working in excess of 40 hours in such workweeks.

57. As a result of Defendants failure to compensate Plaintiff for all hours worked, Defendants failed to compensate Plaintiff at least the applicable minimum wage, in violation of the FLSA, 29 U.S.C. § 206(a).

58. As a result of Defendants failure to compensate Plaintiff for all hours worked, Defendants failed to compensate Plaintiff at the applicable overtime wage, in violation of the FLSA, 29 U.S.C. § 207(a).

59. As a result of Defendants failure to compensate Plaintiff for all hours worked, Defendants failed to compensate Plaintiff at least the applicable minimum wage, in violation of the AMWA, A.R.S. § 23-363.

60. As a result of Defendants failure to compensate Plaintiff for all hours worked, Defendants failed to compensate Plaintiff all wages due and owing, in violation of the AWA, A.R.S. § 23-351.

61. Defendants engaged in the regular practice of making improper deductions from Plaintiff's paychecks.

62. Defendants made deductions from Plaintiff's paycheck for register shortages and alleged vehicle damage such that Plaintiff received less than the applicable minimum wage for all hours worked.

63. For example, during the week of November 7, 2020, Defendants made deductions from Plaintiff's paycheck as a result of a cash shortage.

64. Such improper deductions caused Plaintiff's paychecks to fall below the applicable minimum wage.

65. As a result of Defendants' policy of making improper deductions from Plaintiff's paychecks, Defendants violated 29 U.S.C. § 206(a).

66. As a result of Defendants' policy of making improper deductions from Plaintiff's paychecks, Defendants violated the AMWA, A.R.S. § 23-363.

67. As a result of Defendants' policy of making improper deductions from Plaintiff's paychecks, Defendants violated the AWA, A.R.S., § 23-351.

68. Plaintiff was a non-exempt employee.

69. At all relevant times, Defendants failed to properly compensate Plaintiff for any of his overtime hours.

70. At all relevant times, Defendants also failed to properly compensate Plaintiff at the applicable minimum wage for many of his hours worked for Defendants.

71. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff during the course of his employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage and overtime requirements during Plaintiff's employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA and the AMWA.

72. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

73. Plaintiff is a covered employee within the meaning of the FLSA.

74. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

75. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

76. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional

amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

77. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

78. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred under A.R.S. § 23-355.

### COUNT ONE: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME

79. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

80. Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

81. In a given workweek, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours.

82. In a given workweek, Defendants failed to compensate Plaintiff for all hours worked, including the hours worked in excess of 40 hours in a given workweek.

83. As a result of Defendants' failure to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 per week in a given workweek,

Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of his employment, in violation of 29 U.S.C. § 207.

84. As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

85. As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

86. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the proper overtime rate would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

87. Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

88. Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Angel Hernandez, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants committed one of more of the following acts:

   i. Violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a), by failing to pay proper minimum wages;

   ii. Willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by willfully failing to pay proper overtime wages;

 B. For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

 C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

 D. For the Court to award prejudgment and post-judgment interest;

 E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

 F. Such other relief as this Court shall deem just and proper.

### COUNT TWO: FAIR LABOR STANDARDS ACT FAILURE TO PAY MINIMUM WAGE

89. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

90. As a result of not paying Plaintiff any wage whatsoever for the final week of his employment, Defendant willfully failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

91. As a result of making improper deductions from Plaintiff's paychecks, Defendants willfully failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

92. As a result of failing to compensate Plaintiff for all hours worked in a given workweek, Defendants willfully failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

93. Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

94. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Angel Hernandez, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants committed one of more of the following acts:

    i. Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

    ii. Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.  For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.  For the Court to award prejudgment and post-judgment interest;

E.  For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.  Such other relief as this Court shall deem just and proper.

### COUNT THREE: ARIZONA MINIMUM WAGE ACT
### FAILURE TO PAY MINIMUM WAGE

95. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

96. As a result of not paying Plaintiff any wage whatsoever for the final week of his employment, Defendant willfully failed or refused to pay Plaintiff the Arizona minimum wage.

97. As a result of making improper deductions from Plaintiff's paychecks, Defendants willfully failed or refused to pay Plaintiff the Arizona minimum wage.

98. As a result of failing to compensate Plaintiff for all hours worked in a given workweek, Defendants willfully failed or refused to pay Plaintiff the Arizona minimum wage.

99. Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

100. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Angel Hernandez, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendant committed one of more of the following acts:

    i. Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

    ii. Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## COUNT FOUR: ARIZONA WAGE ACT
## FAILURE TO PAY WAGES DUE AND OWING

101. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

102. As a result of the allegations contained herein, Defendants did not compensate Plaintiff wages due and owing to him.

103. Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

104. As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the entire time he was employed by Defendants.

105. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of his employment would violate federal and state law, and Defendants were aware of the Arizona Wage Act's requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the Arizona Wage Act.

106. Plaintiff is therefore entitled to compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred.

**WHEREFORE**, Plaintiff, Angel Hernandez, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

   A. For the Court to declare and find that the Defendants violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B. For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest on any damages awarded;

D. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E. Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 24th day of June, 2021.

                                            BENDAU & BENDAU PLLC

                                            By: /s/ *Christopher J. Bendau*
                                            Clifford P. Bendau, II
                                            Christopher J. Bendau
                                            *Attorney for Plaintiff*